1      UNITED STATES DISTRICT COURT
      EASTERN DISTRICT OF MICHIGAN
2       SOUTHERN DIVISION

3  **UNITED STATES OF AMERICA,**

4    Plaintiff,

           **HON. JONATHAN J.C. GREY**
5

 v.          **No. 23-CR-20451**
6

 **TYLER N. ROSS,**
7

8    Defendant.
 _____/

9

10    **INITIAL APPEARANCE/ARRAIGNMENT/PLEA HEARING**

  **BEFORE UNITED STATES DISTRICT JUDGE JONATHAN J.C. GREY**
11    Theodore Levin United States Courthouse
    231 West Lafayette Boulevard
12      Detroit, Michigan

13     **Thursday, September 28, 2023**
       **1:51 p.m.**
14

15 For the Plaintiff:    **ANDREW TYLER**
          **ANDREW J. YAHKIND**
16         U.S. Attorney's Office
         211 West Fort Street
17         Suite 2001
         Detroit, Michigan  48226
18         (313) 226-9100

19

 For the Defendant:   **MARK J. KRIGER**
20         LaRene & Kriger
         645 Griswold Street
21         Suite 1717
         Detroit, Michigan  48226
22         (313) 967-0100

23

24    To Obtain Certified Transcript, Contact:
   Leann S. Lizza, CSR-3746, RPR, CRR, RMR, CRC, RDR
25       (313) 234-2608

**TABLE OF CONTENTS**

Proceeding                                                    Page

  Initial Appearance/Arraignment                              3

  Plea                                                       10


Exhibits:                                                Received

  (None offered.)

**INITIAL APPEARANCE/ARRAIGNMENT**

```
 1                                    September 28, 2023

 2                                    Detroit, Michigan

 3                         -    -    -

 4      (Court, Counsel and Defendant present; 1:51 p.m.)

 5           THE LAW CLERK:  All rise.

 6           THE COURT CLERK:  The United States District Court for

 7  the Eastern District of Michigan is now in session; the

 8  Honorable Jonathan J.C. Grey presiding.  You may be seated.

 9           The Court calls Case Number 23-20451, the United

10  States of America versus Tyler Ross.  Counsel, please place

11  your appearances on the record.

12           MR. YAHKIND:  Good afternoon, your Honor.  Andrew

13  Yahkind on behalf of the United States.

14           MR. TYLER:  And also Andrew Tyler, also on behalf of

15  the United States, your Honor.

16           THE COURT:  Good afternoon to both of you.

17           MR. KRIGER:  Good afternoon, your Honor.  Mark Kriger

18  on behalf of Mr. Tyler Ross, who is present.

19           THE COURT:  Good afternoon to the two of you as well,

20  and you all may be seated.

21           This is the day and time, first, for Mr. Ross's

22  initial appearance, as well as arraignment.

23           And so, Mr. Ross, I want to make sure that you

24  understand some of your rights.  The government has charged you

25  in an information.  Before I delve into, any deeper, into the
```

1   substance of those charges, I want to review some of your

2   rights with you.

3           You have the right to remain silent and anything that

4   you say may be used against you.  Do you understand?

5           THE DEFENDANT:  Yes.

6           THE COURT:  I also want to make sure that you know

7   that although you've hired an attorney to represent you, if at

8   any point you were unable to afford an attorney to represent

9   you, the Court would appoint an attorney to represent you.  Do

10  you understand?

11          THE DEFENDANT:  Yes, your Honor.

12          THE COURT:  Thank you.

13          And I've also received the information,

14  acknowledgement of information, and a waiver.

15          Mr. Ross, did you sign these two documents?  I'm

16  holding up the waiver and the acknowledgement.

17          THE DEFENDANT:  Yes, your Honor.

18          THE COURT:  Thank you.

19          And this waiver indicates that you understand that you

20  have the right to have a grand jury weigh whether or not --

21  there is probable cause to return an indictment against you,

22  but you are waiving that right and you are allowing charges to

23  be brought by the United States Attorney's Office.

24          Is it true that you -- you understand those rights and

25  you're waiving your right to an indictment?

INITIAL APPEARANCE/ARRAIGNMENT

```
 1              THE DEFENDANT:  Yes, your Honor.
 2              THE COURT:  Thank you.
 3              And, also, this information -- pardon me, the
 4   acknowledgement of information indicates that you understand
 5   that if you are convicted or if you plead guilty to Count 1,
 6   conspiracy to commit an offense against the United States under
 7   Title 18 United States Code Section 371, that the maximum term
 8   of imprisonment is up to five years and there is a maximum fine
 9   of up to $250,000 or twice the gross gain or loss.  Is all of
10   that true, that you understand that those are the penalties?
11              THE DEFENDANT:  Yes, your Honor.
12              THE COURT:  Thank you.
13              And I also have received a report from pretrial
14   services, but before we turn to that, just for completion of
15   arraignment purposes, Mr. Kriger, would you like for the Court
16   to read the information?
17              MR. KRIGER:  Your Honor, we would waive formal reading
18   of the information.
19              THE COURT:  Thank you.
20              And so to complete arraignment, I'm not going to read
21   the information, and I am entering a not guilty plea on your
22   behalf at this time, Mr. Ross.
23              And so turning to matters of bond versus detention, is
24   it true, Mr. Yahkind or Mr. Tyler, that the government is not
25   seeking detention?
```

INITIAL APPEARANCE/ARRAIGNMENT

1        MR. YAHKIND:  The government is not seeking detention

2   and would concur with the conditions recommended by pretrial

3   services, your Honor.

4        THE COURT:  Thank you.

5        And I do have the written report from pretrial

6   services that recommends bond and specific conditions.

7        Mr. Kriger, any objection to these proposed

8   conditions?

9        MR. KRIGER:  I have an objection to one condition,

10  your Honor, and that is the "recommend substance abuse and drug

11  testing."  My client, or Mr. Ross, drinks couple glasses of

12  wine a week and is a very, very infrequent user of edibles,

13  which he's happy to stop, but he doesn't have a drug problem,

14  and we -- as I indicated in chambers, he did a interview with

15  probation today because he lives in California, and he did a

16  drug test, and that was negative.  So I would ask that that be

17  waived.

18        As to the mental health evaluation, your Honor, he

19  is -- until he moved to California, he had been living in New

20  York City and was under the care of a psychiatrist, and he will

21  continue that once he finds a psychiatrist in the Bay Area, but

22  he will do that voluntarily, so.  And wants to continue with

23  that.

24        THE COURT:  Thank you.  And so you're not requesting

25  that that condition technically be removed.  Is that --

INITIAL APPEARANCE/ARRAIGNMENT

```
 1          MR. KRIGER:  I don't think it's necessary, but he's
 2   going to voluntarily do it whether it's there or not.
 3          THE COURT:  Thank you.
 4          And I note that we have a representative from pretrial
 5   services.  Is it your desire to have drug testing and drug
 6   treatment continue despite his negative test today?
 7          MR. PORTELLI:  Good afternoon, your Honor.  Michael
 8   Portelli with pretrial services.
 9          Yes, pretrial recommends that the conditions still be
10   in place.  It's as directed by pretrial services, meaning that
11   it would be at the discretion of his supervising officer in
12   California, and if it's established that marijuana use or
13   substance use in general is not a significant risk, then
14   pretrial services would test him according to his level of
15   risk.  So it's not like it would necessarily be a drug test
16   every two weeks or every 30 days; it would just be based on
17   their assessment of what would be needed.  So we still
18   recommend it.
19          THE COURT:  Thank you.
20          Mr. Yahkind, would you like to be heard on that point?
21          MR. YAHKIND:  I think that's a fair recommendation of
22   our position as well especially since we have an admission that
23   this defendant is using marijuana several times a year.  I
24   think pretrial should have the discretion to order treatment as
25   necessary.
```

1          THE COURT:  Thank you.

2          And the Court also finds that each of these conditions

3    are reasonable.

4          I thank you, Mr. Kriger, for stating your position

5    quite clearly, but I do find that they're reasonable

6    particularly given the admissions, and the candid admissions

7    which are appreciated, by Mr. Ross regarding the use of

8    marijuana.  It does remain illegal under federal law, and so

9    because of that, I do find that the condition is reasonable and

10   it is also quite likely that Mr. Ross will not be tested

11   regularly.

12         So I would just reiterate that these seven conditions

13   of bond and that pretrial services is recommending bond based

14   on $10,000 unsecured bond with the conditions of reporting as

15   directed to pretrial services, surrender passport to pretrial

16   services immediately after release; that, Mr. Ross, that you

17   not obtain a passport, enhanced identification, or other

18   international travel document; that your travel be restricted

19   to the United States; that you participate in a mental health

20   evaluation and mental health treatment as directed by pretrial

21   services; that you submit to drug testing and/or treatment as

22   directed by pretrial services; and that you not use or

23   unlawfully possess a narcotic drug or other controlled

24   substance unless prescribed by a licensed medical practitioner.

25         Mr. Ross, if I accept and impose each of these

```
 1   conditions, do you agree to follow each and every condition of
 2   bond?
 3              THE DEFENDANT:  Yes, your Honor.
 4              THE COURT:  Thank you.
 5        Do you understand each of these conditions?
 6              THE DEFENDANT:  Yes, your Honor.
 7              THE COURT:  I want to make sure that you are aware
 8   that if you violated even just one condition of bond, you could
 9   be charged with an additional offense and subjected to
10   additional punishment.  Do you understand?
11              THE DEFENDANT:  Yes, your Honor.
12              THE COURT:  Thank you.
13        I am accepting and imposing conditions of bond.
14             And, Mr. Ross, you're going to have to sign your
15   agreement to follow these conditions.  And after processing
16   today, you will be released from the courthouse and free to
17   return to your residence.
18             Mr. Yahkind and Mr. Tyler, pursuant to Rule 5(f), the
19   United States is ordered to comply with its disclosure
20   obligations under Brady versus Maryland and its progeny.
21   Failure to timely do so may result in dismissal of charges,
22   exclusion of evidence, adverse jury instructions, contempt
23   proceedings and other sanctions.  Do you both understand?
24             MR. YAHKIND:  Yes, your Honor.
25             MR. TYLER:  Yes, your Honor.
```

```
 1            THE COURT:  Thank you.

 2            And having completed the arraignment as well as the

 3   initial appearance, I next turn to the further matter that is

 4   presented to me, and it has been represented to me that

 5   Mr. Ross actually desires to plead guilty to the charge in the

 6   information.

 7            Is that true, Mr. Kriger?

 8            MR. KRIGER:  That's correct, your Honor.

 9            THE COURT:  Thank you.

10            And so, Mr. Ross, you're going to be sworn at this

11   time.  You'll be placed under oath.

12            THE COURT CLERK:  Mr. Ross, please raise your right

13   hand.

14       (Tyler Ross, sworn, 2:02 p.m.)

15            THE DEFENDANT:  I do.

16            THE COURT CLERK:  You can lower your hand.  Thank you.

17            MR. KRIGER:  Would you like him at the podium, your

18   Honor --

19            THE COURT:  There is fine, but if you're more

20   comfortable at the lectern, you certainly may approach there.

21            THE DEFENDANT:  This is fine.

22            MR. KRIGER:  This is fine.

23            THE COURT:  Thank you.

24            I have a clear line of sight, and so I'm okay

25   proceeding as we are.
```

1              Mr. Ross, I'm going to ask you multiple questions in

2    this proceeding including about what you did.  I want to make

3    sure that you are aware that you have to tell the truth and

4    that any answers that you might state that wouldn't be true

5    could be used against you in a separate prosecution for perjury

6    or for making a false statement.  Do you understand?

7              THE DEFENDANT:  Yes, your Honor.

8              THE COURT:  And can you just state your full name.

9              THE DEFENDANT:  Tyler Neil (phonetic) Ross.

10             THE COURT:  Thank you.

11             And do you understand, as I said to you earlier today,

12   that you have a constitutional right to remain silent and not

13   incriminate yourself?

14             THE DEFENDANT:  Yes, your Honor.

15             THE COURT:  And is it true that you want to give that

16   right up and you want to plead guilty today?

17             THE DEFENDANT:  Yes, your Honor.

18             THE COURT:  And I'm going to ask you some background

19   questions about competency.

20             How old are you, Mr. Ross?

21             THE DEFENDANT:  37 years old.

22             THE COURT:  Thank you.

23             And how far did you go in school?

24             THE DEFENDANT:  I graduated law school.

25             THE COURT:  Thank you.

 1          And do you have any issues with reading, writing, and

 2   understanding in English?

 3          THE DEFENDANT:  No, your Honor.

 4          THE COURT:  And right now, sitting here today, are you

 5   under the influence of any medication, drugs, or alcoholic

 6   beverages?

 7          THE DEFENDANT:  No, your Honor.

 8          THE COURT:  I do find that Mr. Ross is capable of

 9   entering a knowing plea.

10          Mr. Ross or Mr. Tyler, do you agree?

11          MR. YAHKIND:  We agree, your Honor.

12          THE COURT:  Thank you.

13          MR. KRIGER:  Your Honor, he is under some medication,

14   but they don't affect his ability to understand what is going

15   on today.

16          THE COURT:  Thank you.

17          And those specifically were the prescribed medications

18   identified in pretrial services report.  Is that true?

19          MR. KRIGER:  Correct.

20          THE COURT:  Thank you.

21          And, Mr. Ross, you just heard Mr. Kriger make that

22   note to the Court.  These medications, they were identified in

23   your discussion with pretrial services.  Is that right?

24          THE DEFENDANT:  It is, your Honor.

25          THE COURT:  And you haven't taken anything else today

1    that you were not prescribed.  Is that true?

2              THE DEFENDANT:  That is true, your Honor.

3              THE COURT:  And the medications that you take, do they

4    have any impact on your ability to remember or to understand

5    what's happening?

6              THE DEFENDANT:  No, your Honor.

7              THE COURT:  Thank you.

8              And so, again, I find that Mr. Ross is capable of

9    entering a plea today.

10             Mr. Kriger, do you agree?

11             MR. KRIGER:  I do agree, your Honor.

12             THE COURT:  Thank you.

13             Mr. Ross, you have your attorney sitting right next to

14   you today.  Have you discussed this matter in detail with

15   Mr. Kriger?

16             THE DEFENDANT:  Yes, your Honor.

17             THE COURT:  And are you satisfied with both his advice

18   and his service?

19             THE DEFENDANT:  I am, your Honor.

20             THE COURT:  I also want to review additional rights

21   with you, and I need to make sure that you understand that if I

22   accept your plea of guilty, you'll be deprived of specific

23   civil rights including the right to vote; the right to vote,

24   the right to hold office, to serve on a jury, and to possess or

25   be around firearms.  Do you understand that?

1           THE DEFENDANT:  Yes, your Honor.

2           THE COURT:  And you'll also be giving up some

3   important constitutional rights, and I'm going to review those

4   with you.

5           Those include the right to plead not guilty, to have a

6   trial before this Court or a jury, and at that trial you would

7   be presumed innocent and the government would have to prove

8   your guilt beyond a reasonable doubt.  You would have the

9   ability to question witnesses against you through your

10  attorney, and you could also have the Court order any witnesses

11  you have for your defense to appear at trial.  You could also

12  simply remain silent during the trial and not have your silence

13  used against you, or if you wanted to testify, you could

14  testify.  Understanding each of these rights, is it true that

15  you want to give all of them up and plead guilty?

16          THE DEFENDANT:  Yes, your Honor.

17          THE COURT:  And I know that you had previously

18  received a copy of the information.  Has Mr. Kriger explained

19  this one charge and the specific details to you enough?

20          THE DEFENDANT:  He has, your Honor.

21          THE COURT:  And are you pleading guilty because you've

22  had discussions with both your attorney and your attorney has

23  also had discussions with the attorneys for the government?

24          THE DEFENDANT:  Yes, your Honor.

25          THE COURT:  And, Counsel, would you like to state the

1    essential terms of the plea agreement at this time,

2    Mr. Yahkind?

3              MR. YAHKIND:  Thank you, your Honor.

4              The agreement contemplates the defendant will plead

5    guilty to Count 1 of the information which charges conspiracy

6    to commit an offense against the United States under Title 18

7    U.S.C. Section 371.  The agreement reviews the statutory

8    maximum penalties for that offense.  There is an agreement not

9    to bring additional charges for conduct reflected in the

10   information, the factual basis of the plea agreement and a

11   section in the plea agreement that refers to additional conduct

12   that is the subject of a dispute between the parties.  The

13   agreement reviews the elements of the count of conviction.

14   There is a detailed factual basis, your Honor, on pages 4

15   through 9 of the agreement.

16             On page 10 to the agreement, your Honor -- this is one

17   of the disputed issues between the parties -- the agreement

18   highlights that there is a dispute between the parties as to

19   the scope of relevant conduct in this case.  And the agreement

20   in paragraph 6 addresses that dispute which relates to the sale

21   of certain properties in 2019 and the provision of some false

22   financial information in connection with that sale.  And the

23   agreement reserves for the parties the right to present

24   information to the Court regarding that dispute for purpose of

25   determining the guideline range.

```
 1            The agreement reviews the rights the defendant is
 2   giving up as well as the collateral consequences of conviction.
 3   In terms of the guideline range, your Honor, there are a few
 4   agreed-upon guideline recommendations in the agreement relating
 5   to the base offense level, relating to the fact that the
 6   parties are agreeing to recommend that there is no loss in this
 7   case and are agreeing to recommend the defendant was an
 8   organizer or leader warranting an enhancement of two levels.
 9            There is another disagreement highlighted on page 14,
10   your Honor.  That disagreement relates to the applicability of
11   a certain sentencing enhancement that will affect the guideline
12   range in this case, and the parties reserve the right to
13   present their respective positions on that disagreement.
14            The agreement reviews the restrictions on the
15   defendant's inability to withdraw from the guilty plea.  There
16   is also commitment by the government, your Honor, on page 16
17   that if the Court does find that the enhancement that the
18   government is seeking applies, that the government will make a
19   sentencing recommendation that varies below the low end of the
20   guideline range.
21            The government is not otherwise restricted as to its
22   sentencing recommendation.
23            There is no agreement on recommendation on the terms
24   of supervised release.  There is no recommendation as to a
25   fine.  The agreement does not address either restitution or
```

|   |   |
|---|---|
| 1 | forfeiture, your Honor.  There is an appellate waiver here that |
| 2 | is a little bit unique.  The defendant waives any right he has |
| 3 | to appeal his conviction on any grounds, but the defendant |
| 4 | retains the right as well -- the government also retains the |
| 5 | right to appeal the Court's determination on those two disputed |
| 6 | issues that I flagged.  Otherwise, the defendant and the |
| 7 | government both waive any right they have to appeal the Court's |
| 8 | sentence. |
| 9 | The defendant does waive his rights to collateral |
| 10 | review.  On page 19, there's certain additional consequences |
| 11 | regarding the use of the guilty plea and the use of any |
| 12 | withdrawing of any guilty plea that are addressed in the |
| 13 | agreement.  And, your Honor, I believe those are the most |
| 14 | material terms of the agreement. |
| 15 | THE COURT:  Thank you. |
| 16 | Mr. Kriger, are there any specific provisions of the |
| 17 | plea agreement that you would like to place on the record at |
| 18 | this time? |
| 19 | MR. KRIGER:  No, your Honor, but I would just like to |
| 20 | clarify one thing that Mr. Yahkind said, and that is -- and he |
| 21 | referred to the scope of the relevant conduct.  Our position is |
| 22 | it's not a question of scope, that there is no relevant |
| 23 | conduct, and then if there is relevant conduct, then the next |
| 24 | question would be whether the enhancement even applies to |
| 25 | Mr. Ross. |

1           THE COURT:  Thank you.

2           And you are referring to paragraph 6?

3           MR. KRIGER:  Correct.

4           THE COURT:  Noted for the record, and I believe

5    it's --

6           MR. KRIGER:  Let me --

7           THE COURT:  -- also clearly stated in the plea

8    agreement.

9           MR. KRIGER:  Hold on one moment, your Honor.  If you

10   don't mind.

11          Correct.  It would be 6 and then also in paragraph 9

12   as well.

13          THE COURT:  Thank you.

14          Mr. Ross, other than what is in this Rule 11 plea

15   agreement, have you been promised by this Court, your attorney,

16   or any of the attorneys for the government that you will be put

17   on probation or receive any other specific sentence in return

18   for pleading guilty?

19          THE DEFENDANT:  No, your Honor.

20          THE COURT:  Have there been any other promises made to

21   you in exchange for your pleading guilty that are not contained

22   in this Rule 11 plea agreement?

23          THE DEFENDANT:  No, your Honor.

24          THE COURT:  And I know that we went through the

25   penalties earlier, but I'm just going to state them again, that

1    you understand the maximum penalties are up to five years in

2    prison, a fine of up to $250,000, or twice the gross pecuniary

3    gain or loss, as well as a term of supervised release of up to

4    three years?  Is it true that you understand all of that?

5              THE DEFENDANT:  Yes, your Honor.

6              THE COURT:  Has anyone tried to force you to plead

7    guilty by any mistreatment or pressure?

8              THE DEFENDANT:  No, your Honor.

9              THE COURT:  And are you pleading guilty freely and

10   voluntarily because, in fact, you are guilty?

11             THE DEFENDANT:  Yes, your Honor.

12             THE COURT:  And specifically regarding the factual

13   basis of this offense, I know that there were multiple pages

14   provided by the parties in the plea agreement, and the essence

15   of this charge is that you knowingly made a false statement to

16   a mortgage lending business for the purpose of influencing the

17   action of that business in connection with the loan and that

18   you knowingly and voluntarily joined this conspiracy.  Are both

19   of those items true?

20             THE DEFENDANT:  Yes, your Honor.

21             THE COURT:  And the factual basis indicates that this

22   conspiracy lasted for multiple years, from 2015 through 2019,

23   in the Eastern District of Michigan and elsewhere and that, in

24   fact, you did conspire and agree with others to violate this

25   statute, Title 18 United States Code Section 1014.  Is that

1 true?

2 THE DEFENDANT: Yes, your Honor.

3 THE COURT: Thank you.

4 Would counsel like to do any additional voir dire for

5 purposes of the record?

6 MR. KRIGER: If the Court is satisfied, I don't think

7 it's necessary. But if the Court believes a more detailed

8 factual basis is necessary, I'm happy to do a voir dire with my

9 client.

10 THE COURT: Thank you.

11 I will just briefly supplement.

12 Mr. Ross, all of these pages, from page 5 through

13 pages 9, is any of that untrue?

14 THE DEFENDANT: No, your Honor.

15 THE COURT: Are you sure that all of that actually is

16 true?

17 THE DEFENDANT: Yes, your Honor.

18 THE COURT: That you engaged in all of these

19 activities?

20 THE DEFENDANT: Yes, your Honor.

21 THE COURT: Mr. Yahkind?

22 MR. YAHKIND: The government is satisfied, your Honor.

23 THE COURT: Thank you.

24 And at this time, Mr. Ross, how do you plead?

25 THE DEFENDANT: Guilty, your Honor.

```
 1              THE COURT:  Thank you.
 2              The Court finds that Mr. Ross's plea is knowingly,
 3    freely, and voluntarily made and that the elements of the
 4    offense to which he's pleading guilty have been made out not
 5    just by his statements in court but also supplemented by the
 6    specific facts contained in the plea agreement which Mr. Ross
 7    agreed with.
 8              And so your plea of guilty has been accepted, and I'm
 9    also accepting the Rule 11 plea agreement.
10              This matter will be referred to the probation
11    department for a completion of a presentence investigation
12    report, and this matter will proceed with a bifurcated
13    sentencing as requested by the parties.  And so the first
14    sentencing date, Mr. Ross, we will have a hearing on evidence
15    that the attorneys would like to present surrounding how the
16    sentencing guidelines should be computed and then at the second
17    date we will actually be imposing sentence.
18              And so I believe we've identified the date of
19    January 22nd.  Is that correct, Mr. Carroll?
20              THE LAW CLERK:  Yes, Judge.
21              THE COURT:  Or Miss Sandusky.
22              THE COURT CLERK:  At 10:00 a.m.
23              THE COURT:  So January 22nd, 2024, at 10:00 a.m.  And
24    then the second part, the conclusion of sentencing, will take
25    place on March 12th.
```

 1        THE COURT CLERK:  At 3:00.

 2        THE COURT:  March 12th, 2024, at 3:00 p.m.  And so

 3  prior to that time you will have the opportunity to review the

 4  presentence investigation report.

 5        Counsel, is there anything further that any party

 6  would like to address?

 7        MR. KRIGER:  May I have a moment with Mr. Yahkind and

 8  Mr. Tyler?

 9        THE COURT:  You may.

10     (Attorney conference.)

11        MR. KRIGER:  Your Honor, we had indicated that prior

12  to the first phase of the sentencing hearing we would supply

13  the Court with our -- the relevant law as to our respective

14  positions.  Do you want to set a date for when that will be

15  done?

16        THE COURT:  Thank you for inviting me to do that,

17  Mr. Kriger.  I do.

18        MR. KRIGER:  And I think it would be helpful to do it

19  after we get the presentence report.

20        THE COURT:  The Court is setting the date of

21  December 22nd of 2023.  If for some reason the presentence

22  investigation report has not been disclosed by that time,

23  Counsel may request an adjustment on that date, and I don't

24  foresee the need for a reply, but to the extent that a reply is

25  needed, a reply may be filed within three weeks.

1           MR. YAHKIND:  Your Honor, may I raise an additional

2    issue?

3           THE COURT:  You may.

4           MR. YAHKIND:  I may have missed this, and if I did, I

5    apologize.  I did not hear the Court advise the defendant --

6    the government does not anticipate seeking restitution, but the

7    Court has the authority to order restitution as well as impose

8    a special assessment.  And then also I may have missed this as

9    well, and I apologize, your Honor, that the Court, in

10   determining the sentence, has an obligation to consider the

11   applicable guideline range and to consider that range, possible

12   departures from that range, and other factors under Title 18

13   U.S.C. 3553(a).

14          THE COURT:  Thank you.  Those are each true.

15          Restitution may be ordered as part of your sentence,

16   Mr. Ross, and the Court would have to consider whether or not

17   there is any restitution that is due and owing and should be

18   calculated.  There is a mandatory special assessment of $100

19   upon conviction, and that will be payable likely at the time of

20   sentencing or at the time the judgment is in -- at the time

21   that a judgment is issued by the Court.

22          And then the other matter that you referred to, before

23   you weigh in, Mr. Kriger, is the Court has to consider the

24   sentencing guidelines, Mr. Ross, prior to pronouncing a

25   sentence.  The sentencing guidelines -- my sentence must not

1    actually be within the sentencing guidelines, but I do have to

2    actually compute the sentencing guidelines and make sure that I

3    have counted them accurately.  And so you should stay in close

4    contact with your attorney as this matter proceeds as the

5    guidelines are formulated by the probation department in the

6    presentence investigation report as well as whatever submission

7    your attorney will be making regarding how the Court should

8    count the guidelines.  Do you understand all of that?

9         THE DEFENDANT:  I do, your Honor.

10        THE COURT:  Thank you.

11        Mr. Kriger, was there additional point?

12        MR. KRIGER:  Yeah.  You indicated that, and stated

13   that, the briefs were due on 12-22.  The government bears the

14   burden of proof by a preponderance of the evidence that the,

15   number one, there's relevant conduct, and if so, whether the

16   enhancement even applies.  Do you want them to file the first

17   brief and then we can file a response or do you want

18   simultaneous briefs?

19        THE COURT:  We'll have the government file their brief

20   and you can respond three weeks later.

21        MR. KRIGER:  Okay.  And then --

22        THE COURT:  Which would be January 12th, 2024.

23        MR. KRIGER:  Okay.

24        THE COURT:  I don't foresee a reply being needed, but,

25   Mr. Yahkind and Mr. Tyler, if you would like to file a reply,

 1  you may do so by Friday, January 29th, 2024.

 2          MR. KRIGER:  You said 1-12 for our brief, correct?

 3          THE COURT:  Correct.  And the 19th for a reply by the

 4  government if they desire to do so.  And then we will have the

 5  hearing a few days after that.

 6          MR. KRIGER:  Okay.  Thank you, your Honor.

 7          THE COURT:  Thank you, Mr. Kriger.

 8          Anything additional?

 9          MR. KRIGER:  Nothing further, your Honor.

10          MR. YAHKIND:  May I raise one more issue?  I

11  apologize, your Honor.

12          THE COURT:  Yes.

13          MR. YAHKIND:  I'm just looking at my checklist here.

14          I know I reviewed the terms of the agreement and

15  discussed the appellate waiver and the collateral review

16  waivers.  I'm not sure if the Court wants to address those as

17  well pursuant to Rule 11.

18          THE COURT:  Well, those are part of the plea agreement

19  and they are part of the record.

20          MR. YAHKIND:  Thank you, your Honor.

21          THE COURT:  If there is anything additional you would

22  like to say, you may, but basically, Mr. Ross, you may have

23  some limited rights to appeal as contemplated by whatever

24  you've agreed to in the plea agreement.  Do you understand

25  that?

1            THE DEFENDANT:  Yes, your Honor.

2            THE COURT:  Thank you.

3            Mr. Kriger or Mr. Yahkind?

4            MR. KRIGER:  Nothing further.

5            MR. YAHKIND:  Nothing further.

6            THE COURT:  Thank you.  This matter is adjourned.  And

7    you are free after processing.

8        (Proceedings concluded, 2:24 p.m.)

9                        -    -    -

10                   CERTIFICATION OF REPORTER

11

12     I, Leann S. Lizza, do hereby certify that the above-entitled

13    matter was taken before me at the time and place hereinbefore

14    set forth; that the proceedings were duly recorded by me

15    stenographically and reduced to computer transcription; that

16    this is a true, full and correct transcript of my stenographic

17    notes so taken; and that I am not related to, nor of counsel to

18    either party, nor interested in the event of this cause.

19

20

21    S/Leann S. Lizza                              12-18-2023

22    Leann S. Lizza, CSR-3746, RPR, CRR, RMR, RDR     Date

23

24

25