UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

Case No. 23-20451
Hon. Jonathan J. C. Grey

TYLER ROSS,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR PERMISSION FOR TRAVEL (ECF No. 53)

On September 28, 2023, defendant Tyler Ross pleaded guilty to Count 1 of the Information, Conspiracy to Commit an Offense Against the United States, in violation of 18 U.S.C. § 371 as contrary to 18 U.S.C. § 1014 (false statement). (ECF No. 12.) On September 19, 2024, the Court sentenced Ross to a term of imprisonment of 12 months and one day (ECF No. 47), and the Court granted Ross's unopposed oral motion for bond pending appeal. (*See* ECF No. 50.)

On January 15, 2025, Ross filed a motion for permission to travel to Japan with his family from March 28, 2025–April 6, 2025. (ECF No. 53.) The motion has been fully briefed (ECF Nos. 54, 55), and the Court

concludes that oral arguments would not aid in the disposition of the motion. Therefore, it rules on the briefs alone. E. D. Mich. L.R. 7.1(f)(2).

As 18 U.S.C. § 3143(b) creates a presumption against release pending appeal based on numerous requisite criteria, it is the rare criminal case where the defendant is allowed to remain on bond pending the appeal of conviction and/or sentence. *See, e.g., United States v. Vance*, 851 F.2d 166, 168–169 (6th Cir. 1988), *cert. denied*, 488 U.S. 893 (1988). This is a case where the requisite criteria was satisfied and the government did not oppose Ross's request to remain on bond pending appeal. For those reasons, the Court granted Ross bond pending appeal. As the Court stated, however, the prior appearance bond order and the order setting conditions of release (ECF Nos. 7, 8) "**remain in full force until defendant begins serving any sentence**." (ECF No. 50.) The conditions of release restricted travel to the "United States." (ECF No. 8, PageID.16.)

Prior to the instant motion, Ross did not travel internationally–or even ask to do so–in the two plus years during which he was under indictment, entered a guilty plea, and was sentenced. Ross abstained from international travel during that period, even though he had traveled

2

internationally on at least six occasions in the two years before he was indicted, during which time he knew he was under federal investigation.

The Court notes that Ross not only enjoys much more freedom than the average sentenced defendant with a pending appeal, he also may travel within the United States without restriction, whereas most defendants on bond in this district are restricted to travel within the district or the state of Michigan. The Court is not persuaded that current circumstances warrant granting Ross further privileges while on bond pending appeal, especially as: (a) the requested travel is voluntary and for vacation purposes (i.e., unrelated to any obligation); and (b) Ross can still travel and vacation anywhere in the United States.

Accordingly, **IT IS ORDERED** that the motion for permission to travel (ECF No. 53) is **DENIED**.

    **SO ORDERED.**

DATED: January 30, 2025
                                        **s/Jonathan J.C. Grey**
                                                          JONATHAN J.C. GREY
                                                          UNITED STATES DISTRICT JUDGE

## **Certificate of Service**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 30, 2025.

       **s/ S. Osorio**
       Sandra Osorio
       Case Manager